468

STATE OF NEW JERSEY, PLAINTIFF, v. ROBERT JOHNSON, DEFENDANT.

Essex County Court
Law Division

Decided June 23, 1952.

*Mr. Marshall Crowley,* attorney for the Treasurer of Essex County.

*Mr. James E. Abrams,* attorney for defendant's administratrix.

CONLON, J. C. C. This matter is before the court on application for the return of $1,780.25 which was confiscated during a gambling raid.

On August 27, 1949, the home of the defendant, Robert Johnson, was raided by the Montclair police and $1,780.25 was seized. Of the funds, $1,464.20 were taken from the person of Johnson while $316.05 was taken from various places in the apartment itself and also from the person of Sarah Johnson, wife of Robert Johnson. These funds were turned over to the office of the Prosecutor of Essex County.

On September 12, 1949, Johnson was found guilty of being a disorderly person by the magistrate of Montclair, who sentenced him to confinement in the Essex County Penitentiary for one year. While he was so confined he was indicted by the Essex County grand jury for conducting a lottery. However, his death on March 10, 1950, while in the Essex County Penitentiary, precipitated a *nolle prosequi* of the lottery indictment on April 24, 1950.

On March 15, 1950, his wife, Sarah Johnson, qualified as administratrix of his estate, and on April 18, 1952, she made the motion now under consideration.

The application is based upon the provisions of *R. S.* 2:178–7.4, which in effect provided that where the criminal charge resulted in an acquittal or other final termination in favor of the person arrested he might, within six months from the date of such acquittal, or other final termination, in addition to any other remedy now provided by law, make application on ten days' notice for an order that the county treasurer return the funds. The statute also provided that after six months from the date of acquittal or other final termination the county treasurer might apply to the court for an order decreeing and ordering that the money be forfeited to the sole use of the county. No such application has been made. This statute was amended as of January 1, 1952, by *N. J. S.* 2A:152–10, extending the time limits from six months to two years.

This proceeding is brought as an ancillary proceeding to the criminal prosecution. The statute as it was in effect at the time, provided that the application must be made to the court within six months of the favorable termination of criminal proceedings. In this case the application was not made until almost two years thereafter and the court, having no discretion to extend the statutory limitation, is without jurisdiction to make the order requested.

The application is therefore denied, but in denying it the court does not conceive that the defendant has waived any rights she may have to bring an action at law for the fund in question.